CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 07, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KELVIN SMITH,** | ) |
| Plaintiff, | ) Case No. 7:24CV00141 |
| v. | ) **OPINION** |
| **CHADWICK DOTSON, DIRECTOR OF VA. D.O.C., ET AL.,** | ) JUDGE JAMES P. JONES |
| Defendants. | ) |

*Kelvin Smith, Pro Se Plaintiff.*

Plaintiff, a Virginia inmate proceeding without an attorney, has filed a pleading using a form designed for bringing a civil rights action under 42 U.S.C. § 1983. He alleges that Virginia Department of Corrections (VDOC) officials have not given him credit against a criminal sentence he received in November 2023. After review of the record, I conclude that the Complaint must be construed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust available state court remedies.

Smith's factual allegations are sparce. Liberally construing his submissions and reviewing state court records online, it is evident that while Smith was incarcerated in a VDOC prison facility, he was charged with being a prisoner in unlawful possession of a controlled substance. He pleaded guilty to this offense and

was sentenced on November 9, 2023, to serve an additional ten years in prison, but with nine years and five months of that sentence suspended. Smith apparently argues that he should have received credit against this sentence for his days in prison between when authorities served him with the drug charge on May 4, 2023, through the date of his sentencing on that conviction on November 9, 2023. As relief in this civil action, Smith asks for "the time [he is] owed" to reduce the time he must serve on his drug conviction. Pet. 2, ECF No. 1. His projected release date is October 7, 2024, according to the VDOC Inmate Locator program online.

When an inmate seeks to challenge the fact or duration of his detention based on federal constitutional grounds a civil rights complaint under § 1983 is not the proper legal remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). An inmate may raise such challenges only by filing a petition for a writ of habeas corpus, after first exhausting available state court remedies. *Id.*; 28 U.S.C. § 2254(b) (regarding exhaustion requirement).

A district court is not constrained by a pro se litigant's title of his pleading and may liberally construe a pleading styled as a civil rights complaint as a habeas petition under § 2254 instead. *Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981).

Because Smith is clearly contesting the length of his confinement rather than the conditions in prison, his claims are not cognizable under § 1983. Therefore, I

conclude that Smith's Complaint is appropriately construed as a Petition for a Writ of Habeas Corpus under § 2254.

A federal court cannot grant habeas relief under § 2254 unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A Virginia inmate challenging the calculation of his term of confinement may do so by filing a petition for a writ of habeas corpus in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Smith must ultimately present his claim to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider the claim in a § 2254 petition. If the petitioner clearly has available state court remedies, the federal court must dismiss the § 2254 petition to allow him to pursue those state court remedies. *Slayton v. Smith*, 404 U.S. 53, 54 (1971).

Smith's submissions do not indicate that he filed any state court habeas action in the circuit court or the Supreme Court of Virginia after he was convicted and sentenced on the drug charge in November 2023. Because Smith clearly has not yet exhausted available state court remedies on his claim that his term of confinement is

not being properly calculated, I conclude that I must summarily dismiss his § 2254 petition without prejudice to allow him to pursue his claim first in state court. Dismissal without prejudice leaves Smith free to refile his § 2254 petition if he so desires after receiving a ruling from the Supreme Court of Virginia on his sentence calculation claim. A separate Final Order will be entered herewith.

DATED: May 7, 2024

/s/  JAMES P. JONES
Senior United States District Judge